## N. Y. COMMON PLEAS.

Elishw G. Selchow *et al.* agt. James S. Baker *et al.*

*Trade-mark — Arbitrary fancy names subject of — Injunction.*

Plaintiffs invented a name for certain puzzles or games and applied thereto the names of "sliced animals," "sliced birds," and "sliced objects:"

*Held,* upon motion to continue injunction, that these names were arbitrary fancy names and the proper subject of a trade-mark.

*Special Term, October,* 1882.

Motion for injunction.

*Malcolm R. Lawrence,* for motion.

*Blatchford, Seward, Griswold & Da Costa,* opposed.

J. F. Daly, *J.* — The plaintiffs are inventors of certain games or puzzles for children to which they have given the name "sliced animals," "sliced birds," and "sliced objects," according to the pictures used in the play. The puzzles are constructed as follows: strips of card-board, six and three-quarter inches long by an inch and a quarter wide, have a portion of the picture of an animal, a bird, or any object, printed on them, with a single letter of the name of the thing represented in the left hand corner of the strip. The puzzle is to find the strips containing the other portions of the picture and the other letters of the name, and to place such strips above or below each other so that the whole picture and the whole name are formed. The plaintiffs manufacture the picture strips as follows: the whole picture and the names are printed in colors on a single sheet of card-board, which is then cut into strips of the sizes above mentioned.

I am satisfied that the names given by plaintiffs to these games, viz.: "Sliced animals," "sliced birds," and "sliced objects," must be considered fanciful and arbitrary designa-

tions which do not describe the thing manufactured nor its character. They convey no correct idea whatever of the game, or the things used in it or the process by which it is manufactured.

The true designation of the thing and of the game is " divided picture cards," and no other description will convey even a faint idea of them. Neither the card nor the picture on it is sliced, as the term is commonly and properly understood. The name " sliced animals " conveys no intimation that the pictures of animals printed on cards have been cut in strips, and does not truly or in any manner describe the character, game or puzzle. A significant fact in support of this view is that, as appears by defendants' own affidavits, games and puzzles made of divided boards or blocks, on which maps, pictures, words, &c., were printed, have been manufactured and sold for over twenty years past under the names of " dissected maps," " spelling games " and under other names ; but in no instance has the name " sliced " been applied until plaintiffs chose it to distinguish their articles. If the name were the natural and proper designation of the goods it would have been naturally applied to them long before.

Motion for injunction granted so far as the use of the names complained of is concerned, with ten dollars costs.